**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

CHRISTIAN FRIENDS OF ISRAELI COMMUNITIES, CHRISTIANS FOR ISRAEL USA,

Plaintiffs,

v.

FRANCESCA PAOLA ALBANESE,

Defendant.

Case No. 1:25-cv-2805 (PAB) (MDB)

**Oral Argument Requested**

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE UNITED NATIONS' MOTION TO INTERVENE

CURTIS, MALLET-PREVOST,
COLT & MOSLE, LLP

Kevin A. Meehan
Robert Groot
Marwa Farag
Olivia J. Wang
101 Park Ave.
New York, NY 10178
Tel.: (212) 696-6197
Fax: (917) 368-8835
kmeehan@curtis.com
rgoot@curtis.com
mfarag@curtis.com
owang@curtis.com

*Attorneys for the United Nations*

Dated: New York, NY
June 5, 2026

# TABLE OF CONTENTS


**Page(s)**

**TABLE OF AUTHORITIES** ..... **ii**

**PRELIMINARY STATEMENT** ..... **1**

**FACTUAL BACKGROUND** ..... **2**

**PROCEDURAL HISTORY** ..... **3**

**ARGUMENT** ..... **5**

I. The United Nations is Entitled to Intervene as of Right ..... 5

- A. The UN's Motion to Intervene is Timely ..... 5
- B. The UN Has Interests in this Litigation ..... 6
- C. The UN's Interests May Be Impaired Because of this Action ..... 8
- D. The UN's Interests Are Not Adequately Represented ..... 9

II. Alternatively, this Court Should Grant the UN Permissive Intervention ..... 10

**CONCLUSION** ..... **10**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Askir v. Boutros-Ghali*,
933 F. Supp. 368 (S.D.N.Y. 1996) .......... 7, 8, 10

*Bella Health & Wellness v. Weiser*,
No. 1:23-cv-00939, 2024 U.S. Dist. LEXIS 64043 (D. Colo. Apr. 8, 2024) .......... 8

*Colo. Apartment Ass'n v. Ryan*,
No. 24-cv-01093, 2024 U.S. Dist. LEXIS 243467 (D. Colo. Aug. 19, 2024) .......... 7

Difference Relating to Immunity from Legal Process of a Special Rapporteur of the Commission on Human Rights,
Advisory Opinion, 1999 I.C.J. Rep. 62 (April 29) .......... 7, 8, 9

*Image Software, Inc. v. Reynolds & Reynolds Co.*,
459 F.3d 1044 (10th Cir. 2006) .......... 10

*Kane Cty. v. United States*,
928 F.3d 877 (10th Cir. 2019) .......... 5, 6, 8

*Klitzke v. DCP Midstream, LLC*,
No. 19-cv-03207, 2020 U.S. Dist. LEXIS 207638 (D. Colo. Nov. 6, 2020) .......... 5

*Nat'l Union Fire Ins. Co. v. Intrawest ULC*,
No. 13-cv-00079, 2014 U.S. Dist. LEXIS 19744 (D. Colo. Feb. 18, 2014) .......... 9, 10

*Sanguine, Ltd. v. United States Dep't of Interior*,
736 F.2d 1416 (10th Cir. 1984) .......... 6

*Trbovich v. United Mine Workers*,
404 U.S. 528 (1972) .......... 9

*Utah Ass'n of Counties v. Clinton*,
255 F.3d 1246 (10th Cir. 2001) .......... 5, 6, 8, 9

*Utahns for Better Transp. v. United States DOT*,
295 F.3d 1111 (10th Cir. 2002) .......... 9

*W. Energy Alliance v. Zinke*,
877 F.3d 1157 (10th Cir. 2017) .......... 8

**Statutes**

28 U.S.C. § 1608 .......... 6

**Treaties**

Convention on the Privileges and Immunities of the United Nations, Feb. 13, 1946, 21 U.S.T. 142 ........ passim

UN Charter, 59 Stat. 1031 ........ 2

**Rules**

D.C.COLO.LCivR 7.1 ........ 1

D.C.COLO.MJ V. ........ 1

Fed. R. Civ. P. 12 ........ 6

Fed. R. Civ. P. 24 ........ 1, 5

**UN Documents**

Manual of Operations of the Special Procedures of the Human Rights Council, (August 11, 2008) ........ 3

Proposed Intervenor the United Nations ("UN") moves for leave to intervene in this action pursuant to Fed. R. Civ. P. 24(a) for purposes of asserting the immunity of Defendant Francesca Paola Albanese under the Convention on the Privileges and Immunities of the United Nations, Feb. 13, 1946, 21 U.S.T. 1422 ("CPIUN") and seeking dismissal of the above-captioned action for lack of subject matter jurisdiction. The UN respectfully requests leave to file a motion to dismiss in this case on immunity grounds on or before June 22, 2026. Counsel for the United Nations conferred with counsel for Plaintiffs in accordance with D.C.COLO.LCivR 7.1(a) and D.C.COLO.MJ V.1., and Plaintiffs stated that they intend to oppose the United Nations' Motion to Intervene and declined to discuss a briefing schedule. By seeking intervention, the UN does not waive any immunities, privileges, rights or defenses.

## PRELIMINARY STATEMENT

The Complaint alleges that Plaintiffs were defamed by statements contained in a report authored by Ms. Francesca Paola Albanese during the performance of her mission as a human rights expert for the UN. As a UN Special Rapporteur, Ms. Albanese is entitled to immunity under the CPIUN, which accords immunity from all legal process to experts performing missions for the UN "[i]n respect of words spoken or written and acts done by them in the course of the performance of their mission." CPIUN art. VI, § 22(b). Because Ms. Albanese's immunity encompasses service of process, there has been no effective service on her.

This Court has already *sua sponte* raised the issue of Ms. Albanese's immunity under the CPIUN and correctly held that such immunity is an issue of subject matter jurisdiction. This Court has expressed a desire for responsive briefing on the issue of immunity. The UN respectfully requests intervention be granted for the limited purposes of allowing the UN to provide such briefing on the immunity issue and to seek dismissal of this case for lack of subject

matter jurisdiction. The UN has a paramount interest in this case as the CPIUN makes clear that the immunity accorded to experts on mission, such as Ms. Albanese, under Section 22 of the CPIUN are granted in the interests of the United Nations and only the Secretary-General may waive the immunity of such experts. *See* CPIUN art. VI, § 23. There has been no such waiver of immunity. To the contrary, the UN has consistently asserted the immunity of Ms. Albanese.

## FACTUAL BACKGROUND

The United Nations is an international organization founded in 1945 for the purposes of maintaining international peace and security, protecting human rights, and upholding international law. *See* UN Charter pmbl. The UN is entitled to absolute immunity from legal process and the jurisdiction of domestic courts under the UN Charter, the CPIUN and the International Organizations Immunities Act. UN personnel are likewise entitled to immunity from legal process and the jurisdiction of domestic courts. Relevant here, Section 22(b) of the CPIUN states that experts performing missions for the UN are entitled to immunity from all legal process "[i]n respect of words spoken or written and acts done by them in the course of the performance of their mission." CPIUN art. VI, § 22(b).

Plaintiffs commenced this lawsuit against Ms. Albanese who is a UN expert under Article VI of the CPIUN. Ms. Albanese is a Special Rapporteur currently performing under a mandate established by the UN Human Rights Council ("UNHRC"). Special Rapporteurs have the legal status of "experts on mission" under the CPIUN and therefore enjoy immunity from legal process of every kind in respect of their "words spoken or written and acts done" while

performing their mandates. *See* CPIUN art. VI § 22(b); Manual of Operations of the Special Procedures of the Human Rights Council, ¶ 13 (August 11, 2008) (the "UNHRC Manual").[1]

Plaintiffs are asserting claims of Defamation, Trade Libel, and Tortious Interference against Ms. Albanese based on statements contained in a report she authored in the course of performing her mandate as Special Rapporteur. The Secretary-General has confirmed Ms. Albanese's status as an expert on mission and that her alleged "words spoken or written and acts done" that form the basis of this lawsuit fall within the performance of her mandate.

## PROCEDURAL HISTORY

On September 8, 2025, Plaintiffs filed their Complaint against Ms. Albanese. ECF No. 1. The Complaint acknowledges that Ms. Albanese received a mandate as a Special Rapporteur for the UNHRC, but claims that her mandate "legally expired on April 30, 2025" and that the UN's subsequent renewal of her mandate was invalid based on supposed technical errors. ECF No. 1 at ¶¶ 11, 60-66.

On November 28, 2025, Plaintiffs filed a "Motion to Request Recognition of Effective Service" asking for *ex parte* recognition of the validity and effectiveness of Plaintiffs' failed attempt to personally serve Ms. Albanese during a public speaking engagement in South Africa. ECF No. 13. Plaintiffs' motion did not address whether this Court had subject matter jurisdiction to grant their request. Nor did it address Ms. Albanese's immunity from all legal process under the CPIUN.

On January 21, 2026, this Court *sua sponte* ordered Plaintiffs to file a supplemental brief to address the issue of Ms. Albanese's immunity under the CPIUN. ECF No. 16. On February

---

[1] Available at https://www.ohchr.org/en/documents/procedural-documents/manual-operations-special-procedures-human-rights-council.

26, 2026, Plaintiffs filed a supplemental brief arguing that Ms. Albanese was not entitled to immunity under the CPIUN.

On May 14, 2026, this Court issued an order denying Plaintiffs' request to recognize their failed attempt at personal service as effective service of process but nevertheless granting their alternative request to authorize substitute service via email and social media. ECF No. 26. While the Court correctly held that immunity under the CPIUN is an issue of subject matter jurisdiction, the Court found that responsive briefing on the immunity issue would be beneficial. *Id.* at 3-5. In authorizing substitute service, the Court assumed without deciding "that immunity does not bar service" and stated that such issues could be "resolved at a later date." *Id.* at 5.

Plaintiffs purported to effect service on Ms. Albanese on May 15, 2026. However, this service was ineffective because the UN has maintained Ms. Albanese's complete immunity from all legal process, including service of process. CPIUN art. VI, § 22(b). She therefore has no obligation to respond to the Complaint.

On June 1, 2026, the undersigned counsel for the UN contacted Plaintiffs' counsel to apprise them that the UN intended to file a motion to intervene. Pursuant to Local Rule 7.1(a), counsel for the UN sought Plaintiffs' position on the UN's motion to intervene and proposed negotiating a briefing schedule on the immunity issues. That same day, Plaintiffs' counsel responded that Plaintiffs oppose the UN's intervention and therefore could not agree to a briefing schedule on the immunity issues. The UN respectfully moves to intervene in this case for the limited purposes of asserting immunity and seeking dismissal. The UN further respectfully requests leave to file a motion to dismiss on immunity grounds by June 22, 2026.

## ARGUMENT

### I. The United Nations is Entitled to Intervene as of Right

Federal Rule 24(a) states: "On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Rule 24 is liberally construed in favor of intervention. *Kane Cty. v. United States*, 928 F.3d 877, 890 (10th Cir. 2019). Additionally, the "requirements for intervention may be relaxed in cases raising significant public interests." *Id.*

The UN satisfies the requirements of Rule 24(a) and is entitled to intervene as of right.

#### A. The UN's Motion to Intervene is Timely

The timeliness of a motion to intervene is assessed "in light of all the circumstances," including how long the movant knew of its interest in the case, prejudice to the existing parties, prejudice to the movant, and the existence of any unusual circumstances. *Kane Cty.*, 928 F. 3d at 890-91 (citation omitted). Delay by itself is insufficient to deny a motion to intervene absent prejudice to the original parties. *See Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250-51 (10th Cir. 2001) (reversing denial of motion filed two and a half years after case was filed due to absence of prejudice). And any asserted prejudice is given weight only to the extent it is "caused by the movant's delay, not by the mere fact of intervention." *Kane Cty.*, 928 F.3d at 891 (citation omitted); *Klitzke v. DCP Midstream, LLC*, No. 19-cv-03207, 2020 U.S. Dist. LEXIS 207638, at *4-5 (D. Colo. Nov. 6, 2020).

Here, the UN promptly moved to intervene within a few weeks after this Court entered its Order declining to *sua sponte* dismiss this case on immunity grounds without the benefit of

responsive briefing. Only then was it clear that the case would not be dismissed on jurisdictional grounds and the UN would need to defend its interests. *See Clinton*, 255 F.3d at 1251 n. 2 ("Courts should discourage premature intervention that wastes judicial resources.") (citation omitted). The UN's motion to intervene was also filed less than 21-days after Plaintiffs' purported service on Ms. Albanese and thus comes within period normally allotted for a private defendant to respond to a complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i); *but see* Fed. R. Civ. P. 12(a)(2)-(3) (providing 60 days for the U.S. and its officials to respond to a complaint); 28 U.S.C. § 1608(d) (providing 60 days for foreign states to respond to a complaint). Furthermore, this case is still in its early stages and cannot move forward to the merits unless and until the Court's subject matter jurisdiction is conclusively adjudicated – i.e. the very issue the UN seeks to intervene to address. Plaintiffs will not suffer any conceivable prejudice as a result of the UN's intervention to address this critical threshold issue. By contrast, for the reasons stated more fully below in addressing the UN's interests in this case, the prejudice to the UN from denying intervention would far outweigh any purported prejudice to Plaintiffs. *See Sanguine, Ltd. v. United States Dep't of Interior*, 736 F.2d 1416, 1418-19 (10th Cir. 1984) (affirming grant of intervention despite prejudice to existing party).

**B. The UN Has Interests in this Litigation**

A movant seeking leave to intervene "must have an interest that could be adversely affected by the litigation." *Kane Cty.*, 928 F.3d at 891 (citation omitted). Meeting this element presents only "a minimal burden." *Id.* (citation omitted). Courts apply "practical judgment" when "determining whether the strength of the interest" justifies intervention. *Id.* (citation omitted). In applying this practical judgment, courts have recognized a wide variety of interests, including economic, environmental, and public health interests, as well as prior advocacy for an

issue. *Colo. Apartment Ass'n v. Ryan*, No. 24-cv-01093, 2024 U.S. Dist. LEXIS 243467, at *6 (D. Colo. Aug. 19, 2024) (collecting cases).

Here, the UN has a paramount interest in asserting and protecting the immunity of its personnel, including Ms. Albanese. Section 23 of the CPIUN states that the immunities granted to experts under Section 22 are granted "in the interests of the United Nations and not for the personal benefit of the individuals themselves." CPIUN art. VI, § 23. Section 23 further states that only the Secretary-General of the UN can waive the immunity of an expert. *Id.* Furthermore, it is the Secretary-General who determines an expert's status and whether they acted in the course of the performance of their mission for the purpose of the CPIUN. *See* Difference Relating to Immunity from Legal Process of a Special Rapporteur of the Commission on Human Rights, Advisory Opinion, 1999 I.C.J. Rep. 62, ¶¶ 50-52, 60 (April 29). As the International Court of Justice has explained, "the Secretary-General has the primary responsibility and authority to protect the interests of the Organization and its agents, including experts on mission." *Id.* ¶ 51. Accordingly, the UN has a paramount interest in ensuring the proper interpretation and application of the CPIUN and ensuring that Plaintiffs' meritless arguments for ignoring Ms. Albanese's immunity are rejected.

Furthermore, the UN has previously asserted immunity on behalf of its personnel and sought dismissal of any claims against them in other cases. For example, in concluding that responsive briefing on the immunity issues would be beneficial in this case, this Court cited *Askir v. Boutros-Ghali*, 933 F. Supp. 368 (S.D.N.Y. 1996). ECF No. 26 at 5. While the UN itself was not named as a defendant in *Askir*, the UN was afforded the opportunity to submit briefing to assert immunity on behalf of the UN officials named as defendants and sought dismissal of the claims against them even when those officials had not been served. *See Askir*,

933 F. Supp. 368 at 370. The court in *Askir* agreed with the UN and dismissed the claims against the UN officials on immunity grounds. *See id.* at 373.

### C. The UN's Interests May Be Impaired Because of this Action

Federal Rule 24(a)(2) requires movants to demonstrate that disposition of the action may as a practical matter impair their ability to protect their interest. *Clinton*, 255 F.3d at 1253. This impairment may include any practical consequences resulting from the action. *Id.* A movant must show only that impairment is "possible" absent intervention. *W. Energy Alliance v. Zinke*, 877 F.3d 1157, 1167 (10th Cir. 2017). This burden is minimal. *Id.* As the Tenth Circuit observed, "the question of impairment is not separate from the question of existence of an interest." *Clinton*, 255 F.3d at 1253 (citation omitted). Courts therefore often consider these factors together. *See e.g. Kane Cty.*, 928 F. 3d at 891; *Bella Health & Wellness v. Weiser*, No. 1:23-cv-00939, 2024 U.S. Dist. LEXIS 64043, at *10 (D. Colo. Apr. 8, 2024).

Here, the UN has easily met this minimal burden for the reasons stated above in setting out its interests in this litigation. As explained above, the immunity accorded to experts on mission are granted in the interest of the UN, and the purpose of such immunity is to safeguard the independent exercise of the UN's mission. *See* Difference Relating to Immunity from Legal Process of a Special Rapporteur of the Commission on Human Rights, Advisory Opinion, 1999 I.C.J. Rep. 62, ¶¶ 42-43 (April 29). Furthermore, Plaintiffs have asserted arguments for abrogating Ms. Albanese's immunity that clearly encroach upon the interests of the UN. For example, Plaintiffs argue that Ms. Albanese's immunity can be abrogated by merely alleging that her statements were tortious and outside the scope of her mandate. While this argument is meritless, it also encroaches on the interests of the Secretary-General who has the primary responsibility for determining whether a Special Rapporteur's actions fall within the

performance of their mission for the UN. *Id.* ¶ 60. Accordingly, any abrogation of Ms. Albanese's immunity in this case would necessarily impair the interests of the UN.

### D. The UN's Interests Are Not Adequately Represented

Intervention as a matter of right under Federal Rule 24(a) must be granted where the existing parties will not adequately represent its interests, but this requires only a "minimal" showing that the representation "may" be inadequate. *See Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *Clinton*, 255 F.3d at 1254. The possibility that the interests of the applicant and the parties may diverge "need not be great" in order to satisfy this minimal burden. *Id.* All reasonable doubts should be resolved in favor of the movant. *Nat'l Union Fire Ins. Co. v. Intrawest ULC*, No. 13-cv-00079, 2014 U.S. Dist. LEXIS 19744, at *5 (D. Colo. Feb. 18, 2014).

Again, as explained above, the immunities accorded to UN experts on mission, such as Ms. Albanese, are granted in the interests of the UN and not for the personal benefit of individual experts. It is thus the UN that has the paramount interest and responsibility to assert immunity in this case. This is particularly true here because Plaintiffs have made novel arguments for abrogating Ms. Albanese's immunity under the CPIUN that are entirely dependent on collateral attacks on the UN's procedures for appointing its experts and reviewing complaints against them. Thus, intervention is necessary for the UN to protect its broader interests in the integrity of its own decisions and processes.

Moreover, the UN's intervention will assist the Court because, as explained above, it is the Secretary-General who has the responsibility for determining the status of an expert and whether particular conduct of an expert falls within the performance of their mission for the UN. Such unique expertise weighs in favor of granting intervention. *See Utahns for Better Transp. v.*

*United States DOT*, 295 F.3d 1111, 1117 (10th Cir. 2002). Given the UN's unique expertise and responsibilities, it is unsurprising that courts have permitted counsel for the UN to make arguments concerning the scope of immunity of UN personnel under the CPIUN. *See, e.g.*, *Askir*, 933 F. Supp. at 370.

## II. Alternatively, this Court Should Grant the UN Permissive Intervention

Federal Rule 24(b)(1)(B) allows that on a timely motion the Court may permit, at its discretion, any party to intervene who "has a claim or defense that shares with the main action a common question of law or fact." *Nat'l Union*, 2014 U.S. Dist. LEXIS 19744 at *6.

Here, the UN seeks to intervene to assert Ms. Albanese's immunity from legal process and the jurisdiction of U.S. courts under the CPIUN. This defense bears directly on this Court's subject matter jurisdiction, which is the central issue already before the court. As this Court noted in raising this issue *sua sponte*, "[f]ederal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." ECF No. 26 at 4 (quoting *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006)). The Court also noted that it would benefit from responsive briefing on this issue. ECF No. 26 at 5. The UN's defense thus squarely addresses this common issue of law with the main action, and granting intervention for the limited purpose of asserting immunity under the CPIUN and seeking dismissal of this case would be beneficial to resolving these threshold issues.

## CONCLUSION

For the foregoing reasons, the Court should grant the UN's Motion to Intervene for the limited purposes of asserting immunity and challenging jurisdiction under the CPIUN. The UN further respectfully requests the Court to grant the UN leave to file a motion to dismiss on

immunity grounds by June 22, 2026.[2] The UN expressly reserves all rights, defenses, privileges and immunities and nothing in this motion or the UN's should be construed as a waiver of any kind.

Dated: New York, N.Y.
June 5, 2026

Respectfully submitted,

CURTIS, MALLET-PREVOST,
COLT & MOSLE, LLP

/s/ *Kevin A. Meehan*
Kevin A. Meehan
Robert Groot
Marwa Farag
Olivia J. Wang
101 Park Ave.
New York, NY 10178
Tel.: (212) 696-6197
Fax: (917) 368-8835
kmeehan@curtis.com
rgroot@curtis.com
mfarag@curtis.com
owang@curtis.com

*Attorneys for the United Nations*

[2] Because the UN is intervening for the limited purpose of asserting immunity under the CPIUN, the UN's forthcoming motion to dismiss should be treated as a pleading for purposes of intervention to the extent any such pleading is necessary under the unique circumstances of this case. The UN is seeking intervention as expeditiously as possible, but additional time is required for preparation and organizational review of the substantive immunity arguments in the forthcoming motion to dismiss.