**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| CHRISTIAN FRIENDS OF ISRAELI COMMUNITIES, CHRISTIANS FOR ISRAEL USA,<br><br>Plaintiffs,<br><br>v.<br><br>FRANCESCA PAOLA ALBANESE,<br><br>Defendant. | Case No. 1:25-cv-2805 (PAB) (MDB)<br><br>**Oral Argument Requested** |

**PROPOSED INTERVENOR UNITED NATIONS' MOTION TO VACATE CLERK'S ENTRY OF DEFAULT**

Proposed Intervenor the United Nations ("UN") moves to vacate the Clerk's Entry of Default (ECF No. 44) as void for lack of subject matter and personal jurisdiction and invalid service of process on the grounds that Defendant Francesca Paola Albanese is entitled to immunity under the Convention on the Privileges and Immunities of the United Nations, Feb. 13, 1946, 21 U.S.T. 1422 ("CPIUN"). The UN incorporates by reference its Motion to Dismiss (ECF No. 47).

**PRELIMINARY STATEMENT**

The UN has explained in detail in its Motion to Dismiss (ECF No. 47) that Defendant Francesca Paola Albanese is entitled to immunity under the CPIUN. This Court has correctly held that immunity under the CPIUN is a question of subject matter jurisdiction. Indeed, Section 22(b) of the CPIUN accords experts on mission, such as Ms. Albanese, immunity from legal process of every kind, including service of process. Because Ms. Albanese is entitled to jurisdictional immunity and immunity from service of process under the CPIUN, the Clerk's

entry of default is void for want of subject matter and personal jurisdiction and because there has been no valid service of process on Ms. Albanese. Thus, the entry of default must be vacated.

**BACKGROUND & PROCEDURAL HISTORY**

On November 28, 2025, Plaintiffs filed a "Motion to Request Recognition of Effective Service" in which Plaintiffs asked this Court for *ex parte* recognition of the validity of their failed attempt to personally serve Ms. Albanese. ECF No. 13 at 5-7. Plaintiffs alternatively asked the Court to authorize substitute service on Ms. Albanese via email and social media. *Id.* at 7. On January 21, 2026, this Court *sua sponte* ordered Plaintiffs to file a supplemental brief to address the issue of Ms. Albanese's immunity under the CPIUN. ECF No. 16. On February 26, 2026, Plaintiffs filed a supplemental brief arguing that Ms. Albanese was not entitled to immunity under the CPIUN. ECF. No. 25.

On May 14, 2026, this Court issued an order denying Plaintiffs' request to recognize their failed attempt at personal service as effective service of process but nevertheless granting their alternative request to authorize substitute service via email and social media. ECF No. 26. While the Court correctly held that immunity under the CPIUN is an issue of subject matter jurisdiction, the Court found that responsive briefing on the immunity issue would be beneficial. *Id.* at 5. In authorizing substitute service, the Court assumed without deciding "that immunity does not bar service" and stated that jurisdictional issues could be "resolved at a later date." *Id.* Plaintiffs purported to effect service on Ms. Albanese via email and X on May 15, 2026.

On June 5, 2026, the UN filed its Motion to Intervene. ECF No. 40. The UN explained that Ms. Albanese is entitled to immunity from all legal process, including service of process, under Section 22(b) of the CPIUN. *Id.* at 4. The UN asserted that Plaintiffs' attempt to serve Ms. Albanese was invalid under the CPIUN and therefore Ms. Albanese had no obligation to

respond to the Complaint. *Id.* The UN further explained that Section 23 of the CPIUN states that Ms. Albanese's immunity is granted in the interest of the UN itself and that the UN has the primary interest and responsibility for asserting her immunity in this case. *Id.* at 7. The UN further requested leave to file a motion to dismiss on or before June 22, 2026. *Id.* at 10-11.

Despite the UN's timely motion to intervene and despite the fact that both the Court and the UN raised the issue of Ms. Albanese's immunity under the CPIUN, Plaintiffs filed a motion asking the Clerk to enter a default against Ms. Albanese on June 8, 2026 asserting that Ms. Albanese had not filed an answer to the Complaint by June 5, 2026. ECF Nos. 41, 43. That motion did not mention the CPIUN or address the UN's objections to jurisdiction and service of process. The Clerk entered a default on June 8, 2026. ECF No. 44.

On June 12, 2026, the UN filed its proposed motion to dismiss. ECF No. 47.

## ARGUMENT

Defaults are disfavored. *See Miller v. United States Dep't of Agric.,* No. 24-6252, 2025 U.S. App. LEXIS 28197, at *11 (10th Cir. Oct. 28, 2025); *Harvey v. United States,* 685 F.3d 939, 946 (10th Cir. 2012). Defaults are especially disfavored where, as here, the defendant has a colorable claim to jurisdictional immunity. *See Harvey,* 685 F.3d at 946; *FG Hemisphere Assocs. v. Democratic Republic of Congo*, 447 F.3d 835, 838-39 (D.C. Cir. 2006); *Practical Concepts, Inc. v. Republic of Bolivia*, 811 F.2d 1543, 1551-52 (D.C. Cir. 1987); *Howarth v. TCER, LLC*, No. 20-cv-03230, 2021 U.S. Dist. LEXIS 196920, at *4 (D. Colo. Oct. 13, 2021) (holding that the court must first determine whether it has jurisdiction before entering default judgment) (citing *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997)). A court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). In determining whether there is good cause to set aside an entry of default, courts will

generally consider: "(1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entry of default; and (3) whether the defendant has a meritorious defense." *Gallatin v. VCG Mt. Ridge LLC*, No. 1:24-cv-02209, 2025 U.S. Dist. LEXIS 82370, at *11 (D. Colo. Apr. 30, 2025). The "good cause" threshold is a relatively low bar and is construed liberally. *See id.*

However, a default is void and ***must*** be vacated where it was entered without subject matter or personal jurisdiction or where there has been no valid service of process. *See Republic of Sudan v. Harrison,* 587 U.S. 1, 15, 19 (2019); *Simon v. Southern R. Co.,* 236 U.S. 115, 122 (1915); *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797 (10th Cir. 2008); *Polaski v. Colo. DOT*, No. 05-1401, 2006 U.S. App. LEXIS 19961, at *4 (10th Cir. Aug. 2, 2006). There is no need to parse the good cause factors in this case because the Clerk's entry of default is void. *See Drexler v. Kozloff,* No. 99-1230, 2000 U.S. App. LEXIS 6761, at *5 (10th Cir. Apr. 13, 2000) (where "the underlying judgment is void, relief is not a discretionary matter; it is mandatory."); *Bell Helicopter Textron, Inc. v. Islamic Republic of Iran,* 734 F.3d 1175, 1179 (D.C. Cir. 2013) ("[T]here is no question of discretion on the part of the court when . . . the judgment is void, relief is mandatory."); *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 355 (6th Cir. 2003) ("[W]e need not weigh the three factors a court considers when setting aside an entry of default" where the defendant was not properly served); *Gallatin*, 2025 U.S. Dist. LEXIS 82370, at *5 ("Upon a showing of improper service, the court is obliged to set aside an entry of default.").

As the Court has already correctly held, immunity under the CPIUN is an issue of subject matter jurisdiction. *See* ECF No. 26 at 3-5; *see also Georges v. UN*, 834 F.3d 88, 98 (2d Cir. 2016). The UN has explained in detail in its proposed Motion to Dismiss that Ms. Albanese is

entitled to immunity under the CPIUN. *See* ECF No. 47. That immunity prevents courts from exercising subject matter and personal jurisdiction over Ms. Albanese. Furthermore, Ms. Albanese is entitled to immunity from "legal process of every kind" – including service of process. CPIUN art. VI § 22(b). Accordingly, because Ms. Albanese is entitled to immunity, the Clerk's entry of default must be vacated as void and the case must be dismissed with prejudice for want of subject matter and personal jurisdiction.

But even applying the standard good cause factors, all three factors weigh in favor of setting aside the Clerk's entry of default.

First, there has been no willful default. The UN filed a timely Motion to Intervene on June 5, 2026. ECF No. 40. In that Motion, the UN sought to intervene for the limited purposes of asserting immunity on behalf of Ms. Albanese under the CPIUN and explained that that the CPIUN makes clear that the UN holds the right and interest to assert such immunity. *Id.* at 6-8. The Motion to Intervene further sought leave to file a motion to dismiss on immunity grounds on or before June 22, 2026. *Id.* at 10-11. That request is entirely reasonable under the unique circumstances of this case. *Cf.* 28 U.S.C. § 1608(d) (granting foreign sovereigns 60 days to respond to a complaint); Fed. R. Civ. P. 12(a)(2)-(3) (granting the U.S. government and its officials 60 days to respond to a complaint). Given the UN's timely intervention to exercise its right to assert Ms. Albanese's immunity, Plaintiffs cannot claim a willful refusal to participate in these proceedings.

Furthermore, as explained in the UN's Motion to Dismiss, there could be no valid or effective service of process on Ms. Albanese because she is immune from all legal process under the CPIUN. A defendant has no obligation to respond to a complaint where, as here, it has not been properly served. *See Darby v. McDonald,* No. 14-1032, 2014 U.S. Dist. LEXIS 162124, at

*5 (D.D.C. Nov. 19, 2014) ("Insufficient service of process did not obligate the government to respond to the filing."); *Scott v. District of Columbia,* 598 F. Supp. 2d 30, 36 (D.D.C. 2009) ("Because service on the [defendant] was not sufficient, its obligation to plead or otherwise respond had actually not arisen."). Accordingly, Ms. Albanese is immune from service of process and has no obligation to appear or respond to the Complaint.

Second, Plaintiffs cannot establish any prejudice that would result from setting aside the Clerk's entry of default. "Prejudice is established when a plaintiff's ability to pursue the claim has been hindered by, for example, loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Gallatin*, 2025 U.S. Dist. LEXIS 82370, at *12. No such prejudice will befall Plaintiffs in this case.

Jurisdictional immunity is a threshold question that must be conclusively decided through an interlocutory appeal at the outset before reaching the merits of the case. *See Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.,* 581 U.S. 170, 174, 187 (2017); *see also Process & Indus. Devs. v. Federal Republic of Nigeria.*, 962 F.3d 576, 584 (D.C. Cir. 2020) (vacating district court's order directing defendant to simultaneously brief immunity and merits defenses). Indeed, as the Court has already observed, the issue of immunity under the CPIUN implicates the Court's subject matter jurisdiction and therefore the Court has an independent obligation to adjudicate that issue. ECF No. 26 at 4 (quoting *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006)). This case cannot move forward unless and until the immunity issue is resolved. Plaintiffs cannot elide the question of immunity through a default.

Finally, the meritorious defense standard sets a low bar. *Gallatin*, 2025 U.S. Dist. LEXIS 82370, at *13. A movant does not need to demonstrate a likelihood of success on any defense.

*See id.* A "meritorious defense" exists for purposes of Rule 55(c)'s good cause standard if there is "even a hint of a suggestion" of a viable defense. *Acree v. Iraq*, 658 F. Supp. 2d 124, 129 (D.D.C. 2009). As set forth in the UN's Motion to Intervene and Motion to Dismiss, Ms. Albanese has meritorious defenses under the CPIUN.[1]

## CONCLUSION

For the foregoing reasons, the Court should vacate the Clerk's entry of default. The UN expressly reserves all rights, defenses, privileges and immunities and nothing in this motion or the UN's limited intervention should be construed as a waiver of any kind.

Dated: New York, N.Y.
June 12, 2026

Respectfully submitted,

CURTIS, MALLET-PREVOST,
COLT & MOSLE, LLP

*/s/ Kevin A. Meehan*
Kevin A. Meehan
Robert Groot
Marwa Farag
Olivia J. Wang
101 Park Ave.
New York, NY 10178
Tel.: (212) 696-6197
Fax: (917) 368-8835
kmeehan@curtis.com
rgroot@curtis.com
mfarag@curtis.com
owang@curtis.com

*Attorneys for the United Nations*

[1] While Ms. Albanese undoubtedly has meritorious defenses on the merits of this case, there is no need to address the merits as the UN has intervened to assert her immunity under the CPIUN. Ms. Albanese cannot be compelled to address the merits unless and until her immunity defense has been fully litigated through an interlocutory appeal. *See Process & Indus. Devs.*, 962 F.3d at 584; *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1311, 1315 (11th Cir. 2009) (holding that district court erred in compelling defendant to file an answer as doing so had the effect of denying immunity); *United States v. Moats*, 961 F.2d 1198, 1201 (5th Cir. 1992) (same).

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2026, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the ECF system and thereby served upon all counsel of record, including counsel for Plaintiffs.

*/s/ Kevin A. Meehan*
Kevin A. Meehan