**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

CHRISTIAN FRIENDS OF ISRAELI COMMUNITIES, CHRISTIANS FOR ISRAEL USA,

Plaintiffs,

v.

FRANCESCA PAOLA ALBANESE,

Defendant.

Case No. 1:25-cv-2805 (PAB) (MDB)

**Oral Argument Requested**

# THE UNITED NATIONS' REPLY IN SUPPORT OF MOTION TO INTERVENE

CURTIS, MALLET-PREVOST, COLT & MOSLE, LLP

Kevin A. Meehan
Robert Groot
Marwa Farag
Olivia J. Wang
101 Park Ave.
New York, NY 10178
Tel.: (212) 696-6197
Fax: (917) 368-8835
kmeehan@curtis.com
rgroot@curtis.com
mfarag@curtis.com
owang@curtis.com

*Attorneys for the United Nations*

Dated: New York, NY
June 29, 2026

# TABLE OF CONTENTS

**Page(s)**

**TABLE OF AUTHORITIES** .......... **ii**

**ARGUMENT** .......... **1**

I. The UN's Motion for Intervention is Procedurally Proper .......... 1

II. The UN is Entitled to Intervene as of Right .......... 2

A. The UN's Motion to Intervene Is Timely .......... 3

B. The UN Has Interests That Could Be Adversely Affected by this Litigation Warranting Intervention .......... 5

C. The UN Seeks Intervention to Protect Its Own Interests .......... 7

III. Alternatively, this Court Should Grant the UN Permissive Intervention .......... 9

**CONCLUSION** .......... **9**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**


*Baley v. UN*,
No. 97-9495, 1998 U.S. App. LEXIS 19163 (2d Cir. June 29, 1998) ........ 3

*Barnes v. Harris*,
783 F.3d 1185 (10th Cir. 2015) ........ 2

*Barnes v. Sec. Life of Denver Ins. Co.*,
945 F.3d 1112 (10th Cir. 2019) ........ 4

*Bisson v. UN*,
No. 06 Civ. 6352, 2007 U.S. Dist. LEXIS 54334 (S.D.N.Y. July 27, 2007) ........ 4

*Broidy Capital Mgmt. LLC v. Muzin*,
61 F.4th 984 (D.C. Cir. 2023) ........ 1

*Brown v. U.S. Dep't of Lab.*,
No. 13-CV-01722, 2017 U.S. Dist. LEXIS 108822 (D. Colo. July 13, 2017) ........ 4

*Brzak v. UN*,
551 F. Supp. 2d 313 (S.D.N.Y. 2008) ........ 8

*Brzak v. UN*,
597 F.3d 107 (2d. Cir. 2010) ........ 8

*Colo. Apartment Ass'n v. Ryan*,
No. 24-cv-01093, 2024 U.S. Dist. LEXIS 243467 (D. Colo. Aug. 19, 2024) ........ 4, 7

*Day v. Sebelius*,
227 F.R.D. 668 (D. Kan. 2005) ........ 2

*Day v. Sebelius*,
500 F.3d 1127 (10th Cir. 2007) ........ 2

Difference Relating to Immunity from Legal Process of a Special Rapporteur of the
Commission on Human Rights, Advisory Opinion, 1999 I.C.J. Rep. 62 (April 29) ........ 6

*Elliot Indus. v. BP Am. Prod. Co.*,
407 F.3d 1091 (10th Cir. 2005) ........ 1

*Geil v. Rev Grp., Inc.*,
No. 1:24-cv-00030, 2024 U.S. Dist. LEXIS 241514 (D. Colo. Dec. 2, 2024) ........ 4

*Georges v. UN*,
834 F.3d 88 (2d Cir. 2016) ........................................ 3

*Georges v. UN*,
84 F. Supp. 3d 246 (S.D.N.Y. 2015) ........................................ 3

*Kane Cty. v. United States*,
928 F.3d 877 (10th Cir. 2019) ........................................ passim

*Klitzke v. DCP Midstream, LLC*,
No. 19-cv-03207, 2020 U.S. Dist. LEXIS 207638 (D. Colo. Nov. 6, 2020)........................ 5, 7

*Laventure v. UN*,
279 F. Supp. 3d 394 (E.D.N.Y. 2017) ........................................ 3

*Laventure v. UN*,
746 F. App'x 80 (2d Cir. 2018) ........................................ 3

*Marx v. Government of Guam*,
866 F.2d 294 (9th Cir. 1989) ........................................ 2

*Maverick Gaming LLC v. United States*,
123 F.4th 960 (9th Cir. 2024) ........................................ 1

*McEvoy v. Diversified Energy Co. PLC*,
111 F.4th 330 (4th Cir. 2024) ........................................ 1

*Mendaro v. World Bank*,
717 F.2d 610 (D.C. Cir. 1983)........................................ 8

*Muscogee (Creek) Nation v. City of Tulsa*,
No. 23-CV-490, 2026 U.S. Dist. LEXIS 55420 (N.D. Okla. Mar. 16, 2026) ........................ 4

*Nevilles v. Equal Emp. Opport. Comm'n*,
511 F.2d 303 (8th Cir. 1975) ........................................ 4

*Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*,
619 F.3d 1223 (10th Cir. 2010) ........................................ 4

*Sadikoğlu v. UN Dev. Programme*,
No. 11 Civ. 0294, 2011 U.S. Dist. LEXIS 120205 (S.D.N.Y. Oct. 14, 2011) ........................ 3

*Schmidt v. City of Norfolk*,
No. 2:24cv621, 2025 U.S. Dist. LEXIS 100423 (E.D. Va. May 27, 2025)........................ 4

*Sierra Club v. Espy*,
18 F.3d 1202 (5th Cir. 1994) ........................................ 3

*Turner v. Efinancial, LLC*,
No. 18-cv-292, 2018 U.S. Dist. LEXIS 150980 (D. Colo. Sep. 5, 2018) .................................. 4

*Utah Ass'n of Counties v. Clinton*,
255 F.3d 1246 (10th Cir. 2001) ........................................................................ 3, 5

*Utah Wilderness All. v. Kempthorne*,
525 F.3d 966 (10th Cir. 2008) ........................................................................... 4

*Utahns for Better Transp. v. United States DOT*,
295 F.3d 1111 (10th Cir. 2002) ........................................................................ 1, 8

*van Aggelen v. UN*,
311 F. App'x 407 (2d Cir. 2009) ......................................................................... 4

*van Aggelen v. UN*,
No. 06 Civ. 8240, 2006 U.S. Dist. LEXIS 95908 (S.D.N.Y. Apr. 11, 2006) ............................ 3

*W. Energy Alliance v. Zinke*,
877 F.3d 1157 (10th Cir. 2017) .......................................................................... 4

*Wyandotte Nation v. City of Kan. City*,
200 F. Supp. 2d 1279 (D. Kan. 2002) ..................................................................... 2

**Rules**

Fed. R. Civ. P. 24 ............................................................................................ 1, 2

**Treaties**

Convention on the Privileges and Immunities of the United Nations,
Feb. 13, 1946, 21 U.S.T. 142 ........................................................................... 6, 7

**Other Authorities**

Minute Order, *Douglas County, Colorado v. Polis*,
No. 1:25cv3326 (D. Colo. Mar. 4, 2026) ................................................................... 2

Minute Order, *Wewel v. HTS Logistics Inc.*,
No. 1:26cv490-DDD-MDB (D. Colo. Mar. 18, 2026) ........................................................ 2

# ARGUMENT

## I. The UN's Motion for Intervention is Procedurally Proper

Plaintiffs do not argue that the UN should be prohibited from asserting immunity or seeking dismissal of this case.[1] Plaintiffs' objection is entirely procedural. They repeatedly assert that the UN can present its immunity arguments in a letter to the Court or an amicus brief. ECF No. 53 at 2, 7-8, 12-13, 15. But they object to the UN intervening and seeking full party status. *Id.* at 8. However, the UN is seeking to intervene for the limited purpose of seeking dismissal on immunity grounds under the CPIUN. Courts routinely grant intervention for limited purposes, including for the limited purposes of asserting immunity. *See Elliot Indus. v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103-04 (10th Cir. 2005); *see also Broidy Capital Mgmt. LLC v. Muzin*, 61 F.4th 984, 995 (D.C. Cir. 2023) ("[N]onparties may file a motion for limited intervention, while expressly reserving their rights."); *Maverick Gaming LLC v. United States*, 123 F.4th 960, 965 (9th Cir. 2024) (permitting a tribe to intervene for the limited purpose of asserting its immunity); *McEvoy v. Diversified Energy Co. PLC*, 111 F.4th 330, 336 (4th Cir. 2024) (suggesting that a state agency could have intervened for the sole purpose of asserting its sovereign immunity defense). Plaintiffs do not even mention the concept of limited intervention.

Furthermore, as the Tenth Circuit has held, "the right to file a brief as *amicus curiae* is no substitute for the right to intervene in an action under Rule 24[]." *Utahns for Better Transp. v. United States DOT*, 295 F.3d 1111, 1115 (10th Cir. 2002). While Plaintiffs suggest that the UN typically asserts immunity by filing a letter or amicus brief, that is not true. Plaintiffs point to *Cali v. Trump*, No. 1:26-cv-00688-RJL, ECF 48 at 7 (D.D.C. May 13, 2026). That case was brought by Ms. Albanese's family members who appended as an exhibit to their complaint a letter from

[1] Unless otherwise defined herein, capitalized terms are defined in the UN's motion to intervene.

the UN to Ms. Albanese denying her authorization to file suit. *See* No. 26-cv-00688, ECF No. 1-13. The UN made no submissions in that case.

Plaintiffs also argue that the Motion to Intervene is procedurally defective because the UN's Motion to Dismiss does not count as a "pleading" under Federal Rule 24(c). However, courts in this Circuit regularly permit nonparties to submit motions to dismiss to satisfy this pleading requirement. *See Wyandotte Nation v. City of Kan. City*, 200 F. Supp. 2d 1279, 1287 (D. Kan. 2002); Minute Order, *Douglas County, Colorado v. Polis*, No. 1:25cv3326 (D. Colo. Mar. 4, 2026), ECF No. 43; Minute Order, *Wewel v. HTS Logistics Inc.*, No. 1:26cv490-DDD-MDB (D. Colo. Mar. 18, 2026), ECF No. 20; *see also Barnes v. Harris*, 783 F.3d 1185, 1191 (10th Cir. 2015) (permitting intervening party to file "defenses by motion" before a pleading) (citations omitted); *Marx v. Government of Guam*, 866 F.2d 294, 297 (9th Cir. 1989) (permitting Guam to intervene with an accompanying motion to dismiss for the limited purpose of asserting its sovereign immunity). In any event, "the rationale of Rule 24(c) is simply to put the court (and the non-moving party) in a meaningful position to determine whether intervention is appropriate." *Day v. Sebelius*, 227 F.R.D. 668, 673 (D. Kan. 2005), *aff'd*, 500 F.3d 1127 (10th Cir. 2007). Here, the UN's Motion to Intervene and proposed Motion to Dismiss clearly lay out the UN's immunity arguments. Plaintiffs acknowledge as much. ECF No. 53 at 11 n.2; ECF No. 54 at 8 n.1. Thus, those Motions satisfy the purpose of Rule 24(c).

## II. The UN is Entitled to Intervene as of Right

Plaintiffs concede that Rule 24(a) presents a "minimal burden" for intervention. ECF No. 53 at 4. Rule 24(a) is liberally construed in favor of intervention, and its requirements "may be relaxed in cases raising significant public interests." *Kane Cty. v. United States*, 928 F.3d 877, 890 (10th Cir. 2019). Here, the UN easily surmounts that low bar.

### A. The UN's Motion to Intervene Is Timely

Plaintiffs assert that the UN's Motion to Intervene was untimely. However, that Motion was filed on June 5, 2026 – just 21 days after Plaintiffs' purported service on Ms. Albanese and thus prior to any supposed default. Even putting aside the UN's objections to service of process, Plaintiffs offer no support for their position that a motion to intervene must be made before service is attempted and before any responsive pleading is due. Thus, contrary to Plaintiffs' extreme rhetoric, the UN's motion to intervene was timely filed at the very outset of this case.

Plaintiffs suggest that the UN should have immediately sought intervention after the Court ordered Plaintiffs to submit supplemental briefing on the immunity issues under the CPIUN. ECF No. 53 at 5-6. However, given the fact that the Court was considering dismissing this action *sua sponte* on immunity grounds under the CPIUN, it would have been premature for the UN to file a potentially unnecessary motion to intervene. This is confirmed by *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246 (10th Cir. 2001), in which the Tenth Circuit reversed a district court's denial of a motion to intervene that was filed two and a half years after the complaint because the intervenors had properly waited until resolution of a defendant's motion to dismiss the case on jurisdictional grounds "in order to ascertain whether there would ultimately be a case in which to intervene." 255 F.3d at 1251 n.2 (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1206 (5th Cir. 1994) ("Courts should discourage premature intervention that wastes judicial resources.")).[2]

[2] As Plaintiffs concede, the UN typically does not seek to intervene in pending litigations. ECF No. 53 at 7. Courts often *sua sponte* dismiss cases against the UN and its employees on immunity grounds without any appearance by the UN. *See Baley v. UN*, No. 97-9495, 1998 U.S. App. LEXIS 19163 (2d Cir. June 29, 1998) (table); *Georges v. UN*, 84 F. Supp. 3d 246, 248-49 (S.D.N.Y. 2015), *aff'd,* 834 F.3d 88 (2d Cir. 2016); *Laventure v. UN*, 279 F. Supp. 3d 394, 398-401 (E.D.N.Y. 2017), *aff'd,* 746 F. App'x 80 (2d Cir. 2018); *Sadikoğlu v. UN Dev. Programme*, No. 11 Civ. 0294, 2011 U.S. Dist. LEXIS 120205, at *6-7 (S.D.N.Y. Oct. 14, 2011); *van Aggelen v. UN*, No. 06 Civ. 8240, 2006 U.S. Dist. LEXIS 95908, at *6 (S.D.N.Y. Apr. 11, 2006), *aff'd*, 311 F. App'x 407 (2d Cir.

*…Continued*

Plaintiffs do not address *Clinton* or any of the other cases the UN cited that granted intervention when litigations were, as here, in their early stages. *See Kane Cty.*, 928 F.3d at 891; *W. Energy Alliance v. Zinke*, 877 F.3d 1157, 1164-65 (10th Cir. 2017); *Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1126 (10th Cir. 2019); *Geil v. Rev Grp., Inc.*, No. 1:24-cv-00030, 2024 U.S. Dist. LEXIS 241514, at *1 (D. Colo. Dec. 2, 2024); *Turner v. Efinancial, LLC*, No. 18-cv-292, 2018 U.S. Dist. LEXIS 150980, at *4-6 (D. Colo. Sep. 5, 2018); *Colo. Apartment Ass'n v. Ryan*, No. 24-cv-01093, 2024 U.S. Dist. LEXIS 243467, at *3-4 (D. Colo. Aug. 19, 2024).

Instead, Plaintiffs rely on cases in which intervention was sought on the eve of trial or where the proceedings were otherwise far advanced. *See Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1226 (10th Cir. 2010) (affirming untimely intervention more than three years into litigation, weeks before trial); *Nevilles v. Equal Emp. Opport. Comm'n*, 511 F.2d 303, 305-06 (8th Cir. 1975) (affirming untimely intervention two months after judgment entered); *Utah Wilderness All. v. Kempthorne*, 525 F.3d 966, 971 (10th Cir. 2008) (same); *Muscogee (Creek) Nation v. City of Tulsa*, No. 23-CV-490, 2026 U.S. Dist. LEXIS 55420, at *22 (N.D. Okla. Mar. 16, 2026) (finding untimely intervention 15 months after case commenced with settlement and stipulation of voluntary dismissal pending); *Schmidt v. City of Norfolk*, No. 2:24cv621, 2025 U.S. Dist. LEXIS 100423, at *8 (E.D. Va. May 27, 2025) (finding untimely intervention deep into discovery with trial approaching); *Brown v. U.S. Dep't of Lab.*, No. 13-CV-01722, 2017 U.S. Dist. LEXIS 108822, at *3-5 (D. Colo. July 13, 2017) (finding untimely intervention after summary judgment entered, appealed, and remanded, when party had declined invitation to intervene early

---

2009); *Bisson v. UN*, No. 06 Civ. 6352, 2007 U.S. Dist. LEXIS 54334, at *46 n.24 (S.D.N.Y. July 27, 2007).

in action). These cases are inapposite. Here, the UN is seeking to intervene at the outset of this case for the limited purposes of asserting immunity and seeking dismissal under the CPIUN.

In any event, any supposed delay in the filing of a motion to intervene does not render the motion untimely absent prejudice to the original parties caused specifically by "the movant's delay, not by the mere fact of intervention." *Kane Cty.*, 928 F.3d at 891; *see also Clinton*, 255 F.3d at 1251. Here, Plaintiffs fail to identify any prejudice caused by the UN's supposed delay. Plaintiffs assert that intervention would "disturb the default," "reopen proceedings," and require "re-litigation of immunity" issues that were "already briefed." ECF No. 53 at 7. But the UN moved to intervene *before* the entry of default. ECF No. 40. Moreover, the Court expressly deferred ruling on the immunity issues until "a later date" and stated that it would "benefit from responsive arguments." ECF No. 26 at 4-5. *Cf. Kane Cty.*, 928 F.3d at 891 ("having to respond to excess briefs" was not prejudice); *Klitzke v. DCP Midstream, LLC*, No. 19-cv-03207, 2020 U.S. Dist. LEXIS 207638, at *5 (D. Colo. Nov. 6, 2020) (noting new briefing was not prejudice). Because immunity under the CPIUN implicates the Court's subject matter jurisdiction, that threshold jurisdictional issue that must be adjudicated before this case can proceed regardless of whether intervention is granted. Plaintiffs acknowledge as much. ECF No. 54 at 8. Plaintiffs cannot claim that being held to their burden of proving subject matter jurisdiction is prejudicial when they are required to make such a showing regardless of who intervenes or otherwise appears in this case.

### B. The UN Has Interests That Could Be Adversely Affected by this Litigation Warranting Intervention

As an initial matter, Plaintiffs misstate the applicable standard as requiring an intervenor to show a "direct, substantial and legally protectable interest." ECF No. 53 at 4. However, the Tenth Circuit no longer uses this test. *Kane Cty.*, 928 F.3d at 891 n.20. Rather, under the

prevailing Tenth Circuit law, the UN is entitled to intervene because it has interests "that could be adversely affected" by this litigation. *Id.* at 891. That standard is applied liberally in favor of intervention. *See id*. at 890. It is easily satisfied here.

Here, as explained in the Motion to Intervene, the UN has a paramount interest in asserting and protecting the immunities of its experts on mission, such as Ms. Albanese, under Section 22(b) of the CPIUN. Section 23 of the CPIUN expressly states that the immunities accorded to experts are granted "in the interests of the United Nations and not for the personal benefit" of the experts themselves. CPIUN art. VI, § 23. Plaintiffs' Opposition does not even mention Section 23, much less dispute that Section 23 confers an interest to the UN sufficient to warrant intervention.

The UN's paramount interests under Section 23 of the CPIUN would be seriously impaired if the UN is denied intervention. ECF No. 40 at 8. Section 23 states that only the Secretary-General of the UN can waive the immunity of an expert. CPIUN art. VI, § 23. Furthermore, it is the Secretary-General who determines an expert's status and whether they acted in the course of the performance of their mission for the purpose of the CPIUN. *See* Difference Relating to Immunity from Legal Process of a Special Rapporteur of the Commission on Human Rights, Advisory Opinion, 1999 I.C.J. Rep. 62, ¶¶ 50-52, 60 (April 29). Plaintiffs do not dispute that their arguments for abrogating Ms. Albanese's immunity in the absence of an express waiver by the Secretary-General would impair the UN's interests under the CPIUN.

The UN also has an interest in defending against Plaintiffs' collateral attacks on the UN's procedures for appointing its experts and reviewing complaints against them. ECF No. 40 at 9. Plaintiffs do not dispute that their arguments for abrogating Ms. Albanese's immunity are predicated on collateral attacks on the UN's internal procedures. The UN would thus be prejudiced by being denied intervention to protect its interests in the integrity of its own processes.

Plaintiffs argue that, because the UN is entitled to immunity, it cannot demonstrate "concrete injury" for purposes of Article III standing. ECF No. 53 at 4. But Plaintiffs cite no authority for the proposition that a party's entitlement to immunity deprives them of standing to assert their immunity and seek dismissal of the case. As explained above, courts have routinely held that a party may intervene for purposes of asserting immunity and seeking dismissal. *See supra* Section I. In any event, Plaintiffs' argument ignores the fact that Section 23 of the CPIUN grants immunity to experts on mission, such as Ms. Albanese, in the interests of the UN itself and therefore any infringement of such immunity constitutes an injury to the UN's own interests. *See Kane Cty.*, 928 F.3d at 888 (finding intervenor's independent interest under Rule 24 sufficient to satisfy standing requirement).

### C. The UN Seeks Intervention to Protect Its Own Interests

Plaintiffs inaccurately characterize the UN as not seeking to intervene to protect its own interests, but rather only to protect Ms. Albanese's interests. ECF No. 53 at 13. To the contrary, as the UN has explained at length, the UN seeks to protect its own interests including those under Section 23 of the CPIUN – interests that Plaintiffs simply ignore. The fact that the UN seeks an outcome favorable to Ms. Albanese – i.e., dismissal of this case – does not imply that the UN lacks its own interests. *See Colo. Apartment*., 2024 U.S. Dist. LEXIS 243467 at *10 (rejecting contention that proposed intervenors had "identical interests" to defendants merely because they "may share the same objective"); *Klitzke*, 2020 U.S. Dist. LEXIS 207638 at *8 (recognizing different interests when "motives for obtaining" relief were distinct).

Furthermore, as the UN has already explained, its interests in this case include rebutting Plaintiffs' novel arguments for abrogating Ms. Albanese's immunity under the CPIUN. Those arguments depend on collateral attacks on the UN's own internal procedures. Plaintiffs also seek to undermine the Secretary-General's sole authority to waive immunity under Section 23 by

arguing that governments of individual Member States have the authority to waive such immunity. The UN has an interest in ensuring the proper interpretation and application of the CPIUN, which does not permit individual Member States to waive immunity. Such broader institutional interests would be impaired if intervention is denied. *Cf. Mendaro v. World Bank*, 717 F.2d 610, 615-16 (D.C. Cir. 1983) ("the purpose of immunity . . . is rooted in the need to protect international organizations from unilateral control by a member nation over the activities of the international organization within its territory").

For example, in *Brzak v. UN*, the UN moved to intervene for the purpose of asserting immunity for itself and UN personnel. The court held this was "a right belonging to and waivable only by the UN." 551 F. Supp. 2d 313, 318 (S.D.N.Y. 2008), *aff'd*, 597 F.3d 107 (2d. Cir. 2010). Although the court in *Brzak* determined that intervention was unnecessary because the UN itself was already a named defendant, the court still permitted the UN to assert immunity on behalf of the individual defendants as UN personnel. *Id*. The court dismissed both the UN and its personnel on immunity grounds, despite no appearances by the individual defendants. *See id.* at 318-2. The Second Circuit affirmed dismissal. Plaintiffs do not mention *Brzak*.

Plaintiffs misstate the holding of *Utahns for Better Transp. v. United States DOT*, 295 F.3d 1111, 1117 (10th Cir. 2002), by implying that the court's recognition of the value in a proposed intervenor's unique expertise was conditioned on a finding that the government's interest as a defendant differed from that of the prospective intervenor because the government could not simultaneously protect the broader interests of the public and the private interests of the prospective intervenor. ECF No. 53 at 13. In fact, the court recognized the unique expertise of the proposed intervenor as independently supporting intervention. *Utahns*, 295 F.3d at 1117. Regardless, the court's reasoning in *Utahns* as referenced by Plaintiffs is analogous to this case

because here the UN is likewise asserting immunity based on broader organizational interests than Ms. Albanese's personal interests.

**III. Alternatively, this Court Should Grant the UN Permissive Intervention**

Permissive intervention is warranted here because the UN seeks to intervene to assert Ms. Albanese's immunity from legal process under the CPIUN, which bears directly on this Court's subject matter jurisdiction – an issue already before the Court. Plaintiffs object on the supposed grounds that the UN's Motion to Intervene was untimely, the UN has no interest in this litigation, and there is no inadequate representation. ECF No. 53 at 14-15. For the reasons stated above, these objections are meritless. Concerning Plaintiffs' additional speculation as to the result if the UN were permitted to intervene only to have its proposed Motion to Dismiss denied, the UN reiterates that it seeks to intervene only for the limited purpose of asserting Ms. Albanese's immunity.

## CONCLUSION

For the foregoing reasons, the Court should grant the UN's Motion to Intervene for the limited purposes of asserting immunity and challenging jurisdiction under the CPIUN. The UN expressly reserves all rights, defenses, privileges and immunities and nothing in that motion or this Reply should be construed as a waiver of any kind.

Dated: New York, NY
June 29, 2026

Respectfully submitted,

CURTIS, MALLET-PREVOST,
COLT & MOSLE, LLP

/s/ *Kevin A. Meehan*

Kevin A. Meehan
Robert Groot
Marwa Farag
Olivia J. Wang
101 Park Ave.
New York, NY 10178
Tel.: (212) 696-6197
Fax: (917) 368-8835
kmeehan@curtis.com
rgroot@curtis.com
mfarag@curtis.com
owang@curtis.com

*Attorneys for the United Nations*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2026, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the ECF system and thereby served upon all counsel of record, including counsel for Plaintiffs.

*/s/ Kevin A. Meehan*
Kevin A. Meehan