**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

CHRISTIAN FRIENDS OF ISRAELI COMMUNITIES, CHRISTIANS FOR ISRAEL USA,

Plaintiffs,

v.

FRANCESCA PAOLA ALBANESE,

Defendant.

Case No. 1:25-cv-2805 (PAB) (MDB)

**Oral Argument Requested**

**PROPOSED INTERVENOR UNITED NATIONS' REPLY IN SUPPORT OF MOTION TO VACATE THE CLERK'S ENTRY OF DEFAULT**

CURTIS, MALLET-PREVOST,
COLT & MOSLE, LLP

Kevin A. Meehan
Robert Groot
Marwa Farag
Olivia J. Wang
101 Park Ave.
New York, NY 10178
Tel.: (212) 696-6197
Fax: (917) 368-8835
kmeehan@curtis.com
rgroot@curtis.com
mfarag@curtis.com
owang@curtis.com

*Attorneys for the United Nations*

Dated: New York, NY
July 10, 2026

# TABLE OF CONTENTS


**Page(s)**

**TABLE OF AUTHORITIES** .......... **ii**

**PRELIMINARY STATEMENT** .......... **1**

**ARGUMENT** .......... **1**

I. The Court Has Power to Vacate the Default Under Federal Rule 55(c) .......... 1

A. The Default Should be Vacated on the UN's Motion .......... 2

B. The Entry of Default May be Vacated *Sua Sponte* .......... 5

II. Vacatur of the Entry of Default is Warranted .......... 7

**CONCLUSION** .......... **10**

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amazon.com Inc. v. Elly Infotech LLC*,
No. CV-23-02353, 2024 U.S. Dist. LEXIS 38924 (D. Ariz. Mar. 6, 2024) ........................ 8, 10

*California Dept. of Toxic Substances Control v. Jim Dobbas, Inc.*,
No. 14-cv-595, 2023 U.S. Dist. LEXIS 27879 (E.D. Cal. Feb. 17, 2023) ................................ 2

*Coalition of Arizona/New Mexico Counties v. Dep't of the Interior*,
100 F.3d 837 (10th Cir. 1996) ................................................................................................ 5

*D'Addabbo v. Smith*,
No. 2:16-cv-854, 2017 U.S. Dist. LEXIS 123092 (D. Utah Aug. 3, 2017) ............................... 6

*Doe v. Socialist Republic of Vietnam*,
No. 1:25-cv-3226 (D.D.C. June 23, 2026) ........................................................................ 6, 9

*Gallatin v. VCG Mt. Ridge LLC*,
No. 1:24-cv-02209, 2025 U.S. Dist. LEXIS 82370 (D. Colo. Apr. 30, 2025) ...................... 7, 8

*Gonzalez v. Thaler*,
565 U.S. 134 (2012) ........................................................................................................ 7, 9

*Goss v. Zueger*,
No. 12-cv-01424, 2013 U.S. Dist. LEXIS 57935 (D. Colo. Apr. 23, 2013) ............................. 8

*Hadden v. Lorman*,
No. 22-1600, 2025 U.S. Dist. LEXIS 63055 (D.N.J. Apr. 2, 2025) .......................................... 6

*Howarth v. TCER, LLC*,
No. 20-cv-03230, 2021 U.S. Dist. LEXIS 196920 (D. Colo. Oct. 13, 2021) ............................ 6

*In re Brooke Corp.*,
No. 08-22786, 2016 Bankr. LEXIS 1789 (Bankr. D. Kan. Apr. 19, 2016) ............................... 4

*Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*,
529 F.3d 371 (7th Cir. 2008) .................................................................................................. 5

*Kane Cty. v. United States*,
928 F.3d 877 (10th Cir. 2019) ............................................................................................ 4, 5

*Keegel v. Key W. & Caribbean Trading Co.*,
627 F.2d 372 (D.C. Cir. 1980) ................................................................................................ 8

*Lodos v. Empire Towing Corp.*,
No. 22-cv-01790, 2025 U.S. Dist. LEXIS 31778 (D. Colo. Feb. 21, 2025)............................... 6

*Long v. Lockheed Martin Servs.*,
No. 07-0629, 2008 U.S. Dist. LEXIS 138369 (D.N.M. Feb. 6, 2008) ...................................... 6

*Maryland State Firemen's Ass'n v. Chaves*,
166 F.R.D. 353 (D. Md. 1995)................................................................................................... 6

*Merullo v. Greer*,
No. 11-cv-116, 2011 U.S. Dist. LEXIS 91628 (D.N.H. July 25, 2011) .................................... 6

*Mo. ex rel. Bailey v. People's Republic of China*,
90 F.4th 930 (8th Cir. 2024) ........................................................................................................ 2

*O.J. Distrib., Inc. v. Hornell Brewing Co.*,
340 F.3d 345 (6th Cir. 2003) ....................................................................................................... 7

*Patel v. Socialist People's Libyan Arab Jamahiriya*,
No. 06-0626, 2007 U.S. Dist. LEXIS 109240 (D.D.C. 2007) ................................................... 2

*Polaski v. Colo. DOT*,
198 F. App'x 684 (10th Cir. Aug. 2, 2006) ................................................................................. 7

*Presbyterian Church of Sudan v. Talisman Energy*,
No. 01 Civ. 9882, 2003 U.S. Dist. LEXIS 3981 (S.D.N.Y. Mar. 19, 2003) ............................. 6

*Reid v. RRA CP Opportunity Trust 1*,
No. 24-1752, 2024 U.S. Dist. LEXIS 237242 (C.D. Cal. Nov. 26, 2024) ................................ 6

*Roberts v. Generation Next, LLC*,
No. 18-cv-00975, 2020 U.S. Dist. LEXIS 68837 (D.N.M. Apr. 20, 2020)............................... 6

*Roeder v. Islamic Republic of Iran*,
333 F.3d 228, 357 U.S. App. D.C. 107 (D.C. Cir. 2003) .......................................................... 4

*Sheafen Kuo v. Government of Taiwan*,
802 F. App'x 594 (2d Cir. 2020) ................................................................................................. 7

*Sokaogon Chippewa Cmty. v. Babbitt*,
214 F.3d 941 (7th Cir. 2000) ....................................................................................................... 4

*The Bank of New York Mellon v. Foreclosure Sales Services, LLC*,
No. 2:15-cv-2087, Dkt. No. 40 (D. Nev. Feb. 15, 2017)........................................................... 2

*TW Telecom Holdings, Inc. v. Carolina Internet Ltd.*,
No. 10-cv-01799, 2010 U.S. Dist. LEXIS 136743 (D. Colo. Dec. 15, 2010) ............................ 3

*UFCW Loc. 880-Retail Food Emps. Joint Pension Fund v. Newmont Mining Corp.*,
261 F. App'x 105 (10th Cir. 2008) .......... 3

*United States v. Rice*,
295 F. App'x 898 (10th Cir. 2008) .......... 3

*Utah Ass'n of Counties v. Clinton*,
255 F.3d 1246 (10th Cir 2001) .......... 5

*Utahns for Better Transp. v. United States DOT*,
295 F.3d 1111 (10th Cir. 2002) .......... 5

*Verlinden B.V. v. Cent. Bank of Nigeria*,
461 U.S. 480 (1983) .......... 7

*W. Energy Alliance v. Zinke*,
877 F. 3d 1157 (10th Cir. 2017) .......... 5

*Walker Int'l Holdings Ltd. v. Republic of Congo*,
395 F.3d 229 (5th Cir. 2004) .......... 5

*Walters v. Indus. & Commer. Bank of China, Ltd.*,
651 F.3d 280 (2d Cir. 2011) .......... 3, 7

**Federal Rules**

Fed. R. Civ. P. 55(c) .......... passim

**Treaties**

Convention on the Privileges and Immunities of the United Nations,
Feb. 13, 1946, 21 U.S.T. 142 .......... 7

**Other Authorities**

Dep't Just. & Const. Dev. of South Africa, *Statement by the Minister of Justice and Constitutional Development on the Irregular Service of Process on the United Nations Special Rapporteur on the Occupied Palestinian Territories, Ms. Francesca Albanese*,
Media Statement (Oct. 26, 2025) .......... 9

## PRELIMINARY STATEMENT

Plaintiffs raise meritless procedural arguments to the effect that the UN[1] is "not the correct party" to move to vacate the default. Plaintiffs acknowledge that these procedural arguments are entirely derivative of their arguments in opposition to the UN's pending motion to intervene. These arguments should be rejected for all the reasons stated in the UN's briefing in support of its intervention motion. The UN is entitled to move to vacate the entry of default under Federal Rule 55(c) based on the UN's interests in this action.

Moreover, Plaintiffs concede that the Clerk's entry of default must be vacated as void if the Court lacks subject-matter or personal jurisdiction. This Court has an independent obligation to determine its own jurisdiction and to vacate the default *sua sponte* if it determines that jurisdiction is lacking. Vacatur is necessary here because Ms. Albanese is immune from all legal process under the CPIUN, including from service of process. Because Ms. Albanese is entitled to immunity under the CPIUN, there has been no effective service of process against Ms. Albanese, she cannot be in default and the entry of default must be vacated as void.

## ARGUMENT

### I. The Court Has Power to Vacate the Default Under Federal Rule 55(c)

Plaintiffs' central premise is that the Clerk's entry of default may only be vacated under Federal Rule 55(c) upon an appearance and motion by Ms. Albanese as the defendant upon whom default has been entered. This premise is wrong because Federal Rule 55(c) does not require any motion as a precondition for vacatur, let alone require that such a motion be filed by Ms. Albanese specifically. Rather, Federal Rule 55(c) permits this Court to vacate the entry of default either (1) upon the UN's motion as intervenor; or (2) *sua sponte*.

---

[1] Unless otherwise defined herein, capitalized terms are defined in the UN's Motion to Intervene (ECF No. 40).

**A. The Default Should be Vacated on the UN's Motion**

Plaintiffs assert that the UN is not entitled to move for vacatur because its Motion to Intervene has not yet been granted by the Court. ECF No. 54 at 3. However, for the reasons already stated in the UN's Motion to Intervene and supporting Reply, the UN maintains that this Court should grant intervention. ECF Nos. 40, 55. If the Court grants intervention, Plaintiffs' procedural objections to the Motion to Vacate Default dissolve. *See*, *e.g.*, *California Dept. of Toxic Substances Control v. Jim Dobbas, Inc.*, No. 14-cv-595, 2023 U.S. Dist. LEXIS 27879, *8-9 (E.D. Cal. Feb. 17, 2023); Order Granting Motion to Intervene and Motion to Set Aside and Vacate Default, *The Bank of New York Mellon v. Foreclosure Sales Services, LLC*, No. 2:15-cv-2087, Dkt. No. 40 (D. Nev. Feb. 15, 2017). Indeed, Plaintiffs admit as much, stating that their objections to the UN's Motion to Vacate Clerk's Entry of Default stand and fall with their objections to the UN's Motion to Intervene. ECF No. 54 at 4. Because the UN is entitled to intervene, Plaintiffs' procedural objections to the motion to vacate must be rejected.

In any event, Federal Rule 55(c) does not restrict a party from filing a motion to vacate the default of another party. In recognition of this fact, several courts have granted motions to vacate defaults filed by third parties, including intervenors, on behalf of defendants who did not appear. *See*, *e.g.*, *Dobbas*, 2023 U.S. Dist. LEXIS 27879 at *8-9 (granting motion to set aside default filed by intervenors); *The Bank of New York Mellon,* No. 2:15-cv-2087, ECF No. 40 (granting motions to intervene and set aside default filed by intervenor); *Patel v. Socialist People's Libyan Arab Jamahiriya*, No. 06-0626, 2007 U.S. Dist. LEXIS 109240, at *10 (D.D.C. 2007) (granting co-defendant's motion to vacate default and recognizing that "[w]here a defendant has not made an appearance because he or she has not been properly served . . . the Court will not ignore such defects in service simply because they are highlighted or demonstrated by another party to the case or his counsel."); *see also Mo. ex rel. Bailey v. People's Republic of China*, 90 F.4th 930, 934, 940

(8th Cir. 2024) (affirming, in part, district court's vacatur of default on immunity grounds where no defendants appeared and immunity arguments were presented by amici); *Walters v. Indus. & Commer. Bank of China, Ltd.*, 651 F.3d 280, 292-93 (2d Cir. 2011) (crediting defense of sovereign immunity on behalf of China made by third-party bank after default judgment because court must consider China's "sovereign immunity from both jurisdiction and execution even in the absence of an appearance by the sovereign" upon the suggestion of any party or non-party).

Nevertheless, Plaintiffs assert without support that only Ms. Albanese herself may move to vacate the entry of default because relief under Federal Rule 55(c) runs to Ms. Albanese as the Defendant rather than to the UN. ECF No. 54 at 2-3. But Plaintiffs point to no rule barring an interested party such as the UN from requesting this relief. *Id.* Nor do Plaintiffs identify any decision in which a court denied a Rule 55(c) motion on the grounds that it was filed by a party other than the defendant against whom default was entered. Although Plaintiffs cite as supposed support *United States v. Rice*, 295 F. App'x 898, 901 (10th Cir. 2008), and *TW Telecom Holdings, Inc. v. Carolina Internet Ltd.*, No. 10-cv-01799, 2010 U.S. Dist. LEXIS 136743, at *1 n.2 (D. Colo. Dec. 15, 2010), neither case involved a motion to vacate filed by a third-party. Rather, both involved motions filed by the defendant against whom default was entered. Although Plaintiffs reference *UFCW Loc. 880-Retail Food Emps. Joint Pension Fund v. Newmont Mining Corp.*, 261 F. App'x 105 (10th Cir. 2008), that case held only that a particular proposed intervenor's motion for entry of default against the defendant was meritless because the proposed intervenor had filed only a *proposed* complaint, to which the defendants had no obligation to respond given that the court had not granted intervention. *Id.* at 109. That case says nothing about the ability of an

intervenor to seek vacatur of a default – particularly where, as here, the default infringes upon the intervenor's jurisdictional immunity.[2]

Plaintiffs again assert without merit that the UN lacks Article III standing to seek vacatur of the entry of default against Ms. Albanese. ECF No. 54 at 4-5. As the UN demonstrated in briefing on its Motion to Intervene, the UN has standing to assert Ms. Albanese's immunity in this action, including by contesting the entry of default, because the UN would suffer concrete injuries from any ruling that failed to properly recognize Ms. Albanese's immunity. ECF No. 55 at 7. Plaintiffs ignore that Section 23 of the CPIUN grants immunity to experts on mission, such as Ms. Albanese, in the interests of the UN itself, and therefore any infringement of that immunity constitutes an injury to the UN's own interests. *See Kane Cty. v. United States*, 928 F.3d 877, 888 n.14 (10th Cir. 2019) (finding intervenor's independent interest under Rule 24 sufficient to satisfy standing requirement and noting that "other courts have recognized that 'any person who satisfies Rule 24 (a) will also meet Article III's standing requirement'") (citing *Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 233, 357 U.S. App. D.C. 107 (D.C. Cir. 2003)); *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 946 (7th Cir. 2000). The UN also has paramount interests both in ensuring the proper interpretation and application of the CPIUN, which does not permit individual Member States to waive the immunity of the UN's experts on mission, and in defending the UN's internal procedures from collateral attack. These broader institutional interests would be impaired if intervention is denied.

[2] Plaintiffs' reliance on *In re Brooke Corp*., No. 08-22786, 2016 Bankr. LEXIS 1789, at *2 (Bankr. D. Kan. Apr. 19, 2016), is also misplaced because that case did not involve a Rule 55(c) motion whatsoever. Rather, it involved an attempt to set aside under Rule 60(b) a *final judgment* disposing of a claim in an adversary proceeding, which the bankruptcy court denied by relying on language specific to Rule 60(b) to find that the assignee of the claim lacked standing to open the judgment.

Plaintiffs do not address these actual injuries asserted by the UN, much less dispute that they suffice to confer standing on the UN. Instead, Plaintiffs ignore these injuries entirely and simply insist that the UN cannot suffer any injury because the UN itself is immune from suit. ECF No. 54 at 5. But the UN's immunity does not remedy the injuries described above, which would follow from any ruling that failed to properly recognize Ms. Albanese's immunity – not from any potential legal claims against the UN. Tellingly, Plaintiffs offer no authority for their proposition that a party's immunity from suit somehow divests it of standing to seek relief as an intervenor. And that proposition is flatly refuted by consistent Tenth Circuit holdings recognizing that parties may have interests in litigation sufficient to warrant intervention and confer standing even when those parties are not themselves at risk of being subject to suit. *See*, *e.g.*, *Kane Cty.*, 928 F.3d at 888 (intervenor would suffer "imminent injury" if county were permitted to increase the width of roads); *W. Energy Alliance v. Zinke*, 877 F. 3d 1157, 1165 (10th Cir. 2017) (environmental groups demonstrated interest based on "concern for the damage to public lands"); *Utahns for Better Transp. v. United States DOT*, 295 F.3d 1111, 1116 (10th Cir. 2002) (organization had interest in litigation based on related contracts of its members); *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1248 (10th Cir 2001) (organizations had interest in wildlife preservation); *Coalition of Arizona/New Mexico Counties v. Dep't of the Interior*, 100 F.3d 837, 841 (10th Cir. 1996) (photographer had interest in classification of endangered species of owl based on his "record of advocacy"); *Walker Int'l Holdings Ltd. v. Republic of Congo*, 395 F.3d 229, 233 (5th Cir. 2004) (rejecting argument that third parties lack standing to assert immunity on behalf of a foreign state).

### B. The Entry of Default May be Vacated *Sua Sponte*

Plaintiffs' unsupported argument that only the defendant has standing to file a motion to vacate a clerk's entry of default runs headlong into the text of Rule 55(c), which requires no motion at all and authorizes courts to *sua sponte* vacate the entry of default. *See Judson Atkinson Candies,*

*Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 385-86 (7th Cir. 2008). Courts have frequently exercised this authority under Rule 55(c) to *sua sponte* vacate entries of default based on jurisdictional defects such as insufficient service of process. *See* Order Setting Aside Entry of Default, *Doe v. Socialist Republic of Vietnam*, No. 1:25-cv-3226 (D.D.C. June 23, 2026), ECF No. 46 (insufficient service of process); *Reid v. RRA CP Opportunity Trust 1*, No. 24-1752, 2024 U.S. Dist. LEXIS 237242, at *5-7 (C.D. Cal. Nov. 26, 2024) (same); *Howarth v. TCER, LLC*, No. 20-cv-03230, 2021 U.S. Dist. LEXIS 196920, at *4 (D. Colo. Oct. 13, 2021) (same); *D'Addabbo v. Smith*, No. 2:16-cv-854, 2017 U.S. Dist. LEXIS 123092, at *5-8 (D. Utah Aug. 3, 2017) (same); *Lodos v. Empire Towing Corp.*, No. 22-cv-01790, 2025 U.S. Dist. LEXIS 31778, at *20-22 (D. Colo. Feb. 21, 2025) (same); *Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1995) (same); *Long v. Lockheed Martin Servs.*, No. 07-0629, 2008 U.S. Dist. LEXIS 138369, at *5 (D.N.M. Feb. 6, 2008) (same); *Merullo v. Greer*, No. 11-cv-116, 2011 U.S. Dist. LEXIS 91628, at *5-6, *14 (D.N.H. July 25, 2011) (same); *Hadden v. Lorman*, No. 22-1600, 2025 U.S. Dist. LEXIS 63055, at *5 (D.N.J. Apr. 2, 2025) (same); *see also Roberts v. Generation Next, LLC*, No. 18-cv-00975, 2020 U.S. Dist. LEXIS 68837, at *5, *10 (D.N.M. Apr. 20, 2020).

Here, the Court likewise has authority to vacate the entry of default *sua sponte*. Plaintiffs cite no authority applying Federal Rule 55(c) to the contrary. Instead, Plaintiffs rely solely on *Presbyterian Church of Sudan v. Talisman Energy*, No. 01 Civ. 9882, 2003 U.S. Dist. LEXIS 3981, at *4 (S.D.N.Y. Mar. 19, 2003), to argue that a district court may not determine issues of immunity and subject-matter jurisdiction unless "the defendant appears and raises the defense." ECF No. 54 at 8 n.1. But *Presbyterian Church* made no such holding. Nor would such a holding be good law in the face of the Supreme Court's clear directive that courts must *sua sponte* consider immunity as a threshold issue of subject-matter jurisdiction even when the defendant does not

appear to assert its immunity. *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 493 n.20 (1983); *see also Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Sheafen Kuo v. Government of Taiwan*, 802 F. App'x 594, 596 (2d Cir. 2020) ("[B]ecause foreign sovereign immunity is an issue of subject matter jurisdiction, a district court may raise the issue *sua sponte*[.]"); *Walters*, 651 F.3d at 292-93 ("[E]ven if the foreign state does not enter an appearance to assert an immunity defense, a District Court still must determine that immunity is unavailable under the FSIA[.]").

## II. Vacatur of the Entry of Default is Warranted

As the UN demonstrated in its initial motion, the entry of default against Ms. Albanese is void and must be vacated. ECF No. 48 at 3-5. An entry of default is void where it was entered without subject matter or personal jurisdiction or where there has been no valid service of process. In such cases, the court must vacate the entry of default without the need to consider the three standard "good cause" factors. *See, e.g.*, *Polaski v. Colo. DOT*, 198 F. App'x 684, 685 (10th Cir. Aug. 2, 2006); *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 355 (6th Cir. 2003); *Gallatin v. VCG Mt. Ridge LLC*, No. 1:24-cv-02209, 2025 U.S. Dist. LEXIS 82370, at *10-11 (D. Colo. Apr. 30, 2025). Here, Ms. Albanese is entitled to immunity under the CPIUN from "legal process of every kind." CPIUN art. VI § 22(b). This immunity bars service of process on Ms. Albanese and divests the Court of subject matter jurisdiction over this action. The entry of default must therefore be vacated and this case must be dismissed with prejudice.

Plaintiffs concede that the entry of default must be vacated if the Court lacks jurisdiction due to Ms. Albanese's CPIUN immunity. Plaintiffs also concede that the Court must decide its jurisdiction at the outset of this case prior to entering any default judgment against Ms. Albanese. ECF No. 54 at 6-8. Plaintiffs merely argue that the default is not void because the Court has yet to decide this issue. ECF No. 54 at 6. And Plaintiffs insist that the Court should not make this decision until the record is "properly presented" on "a motion for default judgment." *Id.*at 6. But

Plaintiffs ignore that vacating the entry of default at this stage requires only for the Court to find a "hint of a suggestion" of a complete defense – not to conclusively accept that defense. *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980). Ms. Albanese's immunity defense easily clears this low bar.

Even if the Court were to apply the standard good cause factors, all three weigh in favor of vacating the default. First, Ms. Albanese has a "meritorious defense" to Plaintiffs' claims based on her immunity under the CPIUN. Meeting this standard requires only that a movant allege sufficient facts that, if true, would constitute a defense – not to demonstrate that the defense will likely succeed. *Gallatin*, 2025 U.S. Dist. LEXIS 82370, at *13; *see also Goss v. Zueger*, No. 12-cv-01424, 2013 U.S. Dist. LEXIS 57935, at *4 (D. Colo. Apr. 23, 2013). When the movant presents a meritorious defense, doubt should be resolved in favor of vacatur "so that cases may be decided on their merits." *Amazon.com Inc. v. Elly Infotech LLC*, No. CV-23-02353, 2024 U.S. Dist. LEXIS 38924, at *7 (D. Ariz. Mar. 6, 2024). This is because default judgment is "a drastic step appropriate only in extreme circumstances." *Id.* at *3. Here, as set forth in the UN's Motion to Intervene and Motion to Dismiss, Ms. Albanese has meritorious defenses under the CPIUN. Although Plaintiffs "contest" these defenses, that does not render them any less meritorious for purposes of establishing good cause. *See id.* at *11-13 (finding meritorious defense despite plaintiffs' protests because the merits would be "the subject of the later litigation").[3]

Plaintiffs also argue frivolously that by her purported default Ms. Albanese "forfeited" any right to challenge the subject-matter jurisdiction of this Court. This argument is precluded by the

---

[3] Plaintiffs assert that the UN made only a "partial" defense because the UN's Motion to Dismiss does not address Ms. Albanese's supposed defamatory statements made in letters sent to Plaintiffs. ECF No. 54 at 11. The UN did not specifically addresses these letters because it did not understand Plaintiffs to be frivolously pursuing defamation claims based on unpublished letters. To be clear, the UN is seeking complete dismissal of all claims with prejudice.

Supreme Court's holding that objections to "[s]ubject-matter jurisdiction can never be waived or forfeited" but rather "may be resurrected at any point in the litigation." *Gonzalez*, 565 U.S. at 141. Moreover, accepting Plaintiffs' argument would render it impossible to ever demonstrate a "meritorious defense" for purposes of establishing good cause because, according to Plaintiffs, any such defense would be deemed "forfeited" by the default itself.

Second, Ms. Albanese has not engaged in "culpable conduct" that led to the entry of default. As demonstrated in the UN's Motion to Dismiss, there can be no valid service of process on Ms. Albanese because she is immune from all legal process under the CPIUN. Ms. Albanese therefore has no obligation to respond to the Complaint, and her decision not to engage in this litigation is reasonable, not culpable. *See Republic of Vietnam*, ECF No. 46 at 5 ("Because Vietnam was never properly served, its obligation to respond to the complaint never arose, and its failure to appear was not willful."). Nor was Ms. Albanese's conduct "culpable" in declining to accept Plaintiffs' improper and illegal service attempt in South Africa. The South African authorities themselves have confirmed that this attempt did not comply with their laws.[4] And this Court declined to find this single attempt at service by Plaintiffs effective. ECF No. 26. Moreover, as discussed above, Ms. Albanese's CPIUN immunity is granted expressly for the benefit of the UN, not for her own benefit, and only the UN Secretary-General may waive this immunity. CPIUN art. VI, § 23. Therefore, Ms. Albanese herself had no authority to waive her immunity by accepting service of process.

---

[4] Dep't Just. & Const. Dev. of South Africa, *Statement by the Minister of Justice and Constitutional Development on the Irregular Service of Process on the United Nations Special Rapporteur on the Occupied Palestinian Territories, Ms. Francesca Albanese,* Media Statement (Oct. 26, 2025), https://www.justice.gov.za/m_statements/2025/20251026-UN-Occupied-Palestinian-Territories-Min.html.

Third, vacating the default would not prejudice Plaintiffs. Although Plaintiffs baselessly accuse Ms. Albanese and the UN of "fraud and collusion," there is no evidence to support these accusations.[5] The UN has been forthright in its reasons for seeking intervention in this case to protect its own interests. And Plaintiffs cannot credibly accuse the UN of seeking to "evade the American justice system" when it is actively seeking this intervention. The UN is simply asking this Court to consider its immunity arguments on the merits rather than decide this case by the extreme measure of default.

Additionally, Plaintiffs assert that they would be prejudiced if the Court were to "reopen the immunity issue." But this Court has confirmed that the immunity issue remains open, and expressly indicated that it would "benefit from responsive arguments" in resolving this issue. ECF No. 26 at 4-5. Plaintiffs would not be prejudiced by having these responsive arguments presented to the Court and decided on the merits. *See Amazon*, 2024 U.S. Dist. LEXIS 38924, at *4 ("[M]erely being forced to litigate on the merits cannot be considered prejudicial.").

## **CONCLUSION**

For the foregoing reasons, the Court should vacate the Clerk's entry of default. The UN expressly reserves all rights, defenses, privileges and immunities and nothing in this Reply or the UN's limited intervention should be construed as a waiver of any kind.

[5] Plaintiffs' allegations that the UN instructed Ms. Albanese not to accept service of process are irrelevant to this motion. As discussed above, Plaintiffs' sole attempt at service was improper and illegal, which was confirmed by South African authorities. Ms. Albanese had no obligation to accept service. Regardless, Plaintiffs' allegations are supported exclusively by inadmissible hearsay testimony of Plaintiffs' own lawyer, which is itself is predicated on multiple layers of hearsay statements by others.

Dated: New York, NY
July 10, 2026

Respectfully submitted,

CURTIS, MALLET-PREVOST,
COLT & MOSLE, LLP

/s/ *Kevin A. Meehan*
Kevin A. Meehan
Robert Groot
Marwa Farag
Olivia J. Wang
101 Park Ave.
New York, NY 10178
Tel.: (212) 696-6197
Fax: (917) 368-8835
kmeehan@curtis.com
rgroot@curtis.com
mfarag@curtis.com
owang@curtis.com

*Attorneys for the United Nations*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2026, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the ECF system and thereby served upon all counsel of record, including counsel for Plaintiffs.

*/s/ Kevin A. Meehan*
Kevin A. Meehan